1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11    TAJAH ENGE,                                          Case No. 2:23-cv-04439-MCS-E

12                     Plaintiff,

13    v.                                                   **STIPULATED PROTECTIVE**
                                                           **ORDER**
14    TRANSUNION RENTAL
      SCREENING SOLUTIONS, INC. and
15    DOES 1 through 10, inclusive,

16                     Defendants.

17

18       1.  A. <u>PURPOSES AND LIMITATIONS</u>

19           Discovery in this action is likely to involve  production of confidential,

20    proprietary, or private information for which special protection from public

21    disclosure and from use for any purpose other than prosecuting this litigation may

22    be warranted. Accordingly, the parties hereby stipulate to and petition the Court

23    to enter the following Stipulated Protective Order. The parties acknowledge that

24    this Order does not confer blanket protections on all disclosures or responses to

25    discovery and that the protection it affords from public disclosure and use extends

26    only to the limited information or items that are entitled to confidential treatment

27    under the applicable legal principles.  The parties further acknowledge, as set forth

28    in Section 12.3, below, that this Stipulated Protective Order does not entitle them

6556864.1

1  to file confidential information under seal; Civil Local Rule 79-5 sets forth the

2  procedures that must be followed and the standards that will be applied when a party

3  seeks permission from the court to file material under seal.

4                    B. GOOD CAUSE STATEMENT

5         Plaintiff Tajah Enge has filed this lawsuit (the "Litigation") against Defendant

6  TransUnion Rental Screening Solutions, Inc. ("TURSS"), alleging that TURSS is

7  liable to Plaintiff for damages resulting from alleged violations of the Fair Credit

8  Reporting Act, 15 U.S.C. § 1681, *et seq* and the California Consumer Credit

9  Reporting Agencies Act. 11     This action is likely to involve trade secrets,

10  customer and pricing lists and other valuable research, development, commercial,

11  financial, technical and/or proprietary information for which special protection from

12  public disclosure and from use for any purpose other than prosecution of this action

13  is warranted.  Such confidential and proprietary materials and information consist

14  of, among other things, confidential business or financial information, information

15  regarding confidential business practices, or other confidential research,

16  development, or commercial information (including information implicating privacy

17  rights of third parties), information otherwise generally unavailable to the public, or

18  which may be privileged or otherwise protected from disclosure under state or

19  federal statutes, court rules, case decisions, or common law.

20         Accordingly, to expedite the flow of information, to facilitate the prompt

21  resolution of disputes over confidentiality of discovery materials, to adequately

22  protect information the parties are entitled to keep confidential, to ensure that the

23  parties are permitted reasonable necessary uses of such material in preparation for

24  and in the conduct of trial, to address their handling at the end of the litigation, and

25  serve the ends of justice, a protective order for such information is justified in this

26  matter. It is the intent of the parties that information will not be designated as

27  confidential for tactical reasons and that nothing be so designated without a good

28

6556864.1

faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.  DEFINITIONS

2.1.  Action: *Tajah Enge v. TransUnion Rental Screening Solutions, Inc., Civil Action No. 2:23-cv-04439-MCS-E.*

2.2.  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6.  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, or informally as part of settlement negotiations or for the purpose of alternative dispute resolution, including, but not limited to, mediation.

2.7.  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8.  House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3

6556864.1

2.9.   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10.   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11.   <u>Party</u>: any party to this Action as of the date of execution of this Order, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Protected Material shall not include any Disclosure or Discovery Material that shows on its face that it has been actually published or otherwise disseminated to the public.

2.15.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4

6556864.1

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.  DURATION

Once a case proceeds to trial, information that was designated as confidential or maintained pursuant to this Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180–81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Order do not extend beyond the commencement of the trial to any Protected Material that was used or introduced as an exhibit at trial.

Notwithstanding the preceding paragraph, this Order will remain in effect even after final disposition of this litigation until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written

5

6556864.1

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "Confidential—Attorneys' Eyes Only" (hereinafter "CONFIDENTIAL legend" and "Attorneys' Eyes Only legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-

6

6556864.1

1    parties to this action, the Producing Party may designate those particular documents

2    as "Confidential—Attorneys' Eyes Only."

3            A Party or Non-Party that makes original documents available for

4    inspection need not designate them for protection until after the inspecting Party has

5    indicated which documents it would like copied and produced. During the inspection

6    and before the designation, all of the material made available for inspection shall be

7    deemed "CONFIDENTIAL" or "Confidential—Attorneys' Eyes Only." After the

8    inspecting Party has identified the documents it wants copied and produced, the

9    Producing Party must determine which documents, or portions thereof, qualify for

10   protection under this Order. Then, before producing the specified documents, the

11   Producing Party must affix the "CONFIDENTIAL legend" or "Confidential—

12   Attorneys' Eyes Only legend" to each page that contains Protected Material. If only

13   a portion or portions of the material on a page qualifies for protection, the Producing

14   Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

15   markings in the margins).

16           (b) for testimony given in depositions that the Designating Party identify the

17   Disclosure or Discovery Material on the record, before the close of the deposition

18   all protected testimony.

19           (c) for information produced in some form other than documentary and for

20   any other tangible items, that the Producing Party affix in a prominent place on the

21   exterior of the container or containers in which the information is stored the legend

22   "CONFIDENTIAL" or "Confidential—Attorneys' Eyes Only." If only a portion or

23   portions of the information warrants protection, the Producing Party, to the extent

24   practicable, shall identify the protected portion(s).

25           5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent

26   failure to designate qualified information or items does not, standing alone, waive

27   the Designating Party's right to secure protection under this Order for such material.

28   Upon timely correction of a designation, the Receiving Party must make reasonable

6556864.1

efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8

6556864.1

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "Confidential-Attorneys' Eyes Only" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

1    (i) any mediator or settlement officer, and their supporting personnel,

2    mutually agreed upon by any of the parties engaged in settlement discussions.

3    8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

4    <u>IN OTHER LITIGATION</u>

5    If a Party is served with a subpoena or a court order issued in other litigation

6    that compels disclosure of any information or items designated in this Action as

7    "CONFIDENTIAL" or "Confidential-Attorneys' Eyes Only," that Party must:

8    (a) promptly notify in writing the Designating Party. Such notification will

9    include a copy of the subpoena or court order;

10   (b) promptly notify in writing the party who caused the subpoena or order

11   to issue in the other litigation that some or all of the material covered by the subpoena

12   or order is subject to this Protective Order. Such notification will include a copy of

13   this Stipulated Protective Order; and

14   (c) cooperate with respect to all reasonable procedures sought to be

15   pursued by the Designating Party whose Protected Material may be affected.

16   If the Designating Party timely seeks a protective order, the Party served

17   with the subpoena or court order shall not produce any information designated in

18   this action as "CONFIDENTIAL" or "Confidential—Attorneys' Eyes Only," before

19   a determination by the court from which the subpoena or order issued, unless the

20   Party has obtained the Designating Party's permission. The Designating Party shall

21   bear the burden and expense of seeking protection in that court of its Protected

22   Material and nothing in these provisions should be construed as authorizing or

23   encouraging a Receiving Party in this Action to disobey a lawful directive from

24   another court.

25   9.    A   NON-PARTY'S   PROTECTED   MATERIAL   SOUGHT   TO   BE

26   PRODUCED IN THIS LITIGATION

27   (a) The terms of this Order are applicable to information produced by a

28   Non-Party in this Action and designated as "CONFIDENTIAL." Such information

6556864.1

1    produced by Non-Parties in connection with this Action is protected by the remedies

2    and relief provided by this Order. Nothing in these provisions should be construed

3    as prohibiting a Non-Party from seeking additional protections.

4         (b) In the event that a Party is required, by a valid discovery request, to

5    produce a Non-Party's confidential information in its possession, and the Party is

6    subject to an agreement with the Non-Party not to produce the Non-Party's

7    confidential information, then the Party shall:

8         (1)    promptly notify in writing the Requesting Party and the Non-

9    Party that some or all of the information requested is subject to a confidentiality

10   agreement with a Non-Party;

11        (2)    promptly provide the Non-Party with a copy of the Stipulated

12   Protective Order in this Action, the relevant discovery request(s), and a reasonably

13   specific description of the information requested; and

14        (3)    make the information requested available for inspection by the

15   Non-Party, if requested.

16   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18   Protected Material to any person or in any circumstance not authorized under this

19   Stipulation and Protective Order, the Receiving Party must immediately (a) notify

20   in writing the Designating Party of the unauthorized disclosures, (b) use its best

21   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

22   person or persons to whom unauthorized disclosures were made of all the terms of

23   this Order, and (d) request such person or persons to execute the "Acknowledgement

24   and Agreement to Be Bound" that is attached hereto as Exhibit A. Unauthorized or

25   inadvertence disclosure by the Receiving Party does not change the status of the

26   Protected Material or otherwise waive the Designating Party's right to maintain the

27   "CONFIDENTIAL" or "Confidential—Attorneys' Eyes Only" designation for such

28   Protected Material.

6556864.1

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

6556864.1

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   November 2, 2023          LAW OFFICES AIDAN BUTLER

By: */s/ Aidan W. Butler*
     Aidan W. Butler
     Counsel for Plaintiff

13

6556864.1

1

2 DATED: November 2, 2023        QUILLING, SELANDER, LOWNDS,
3                                WINSLETT & MOSER, P.C.

4
                                By: */s/ Kyle Pietrzak*
5                                    Kyle Pietrzak
6                                    Counsel for TransUnion Rental Screening
                                     Solutions, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

6556864.1

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3  DATED:____11/2/23_____

4

5                                         /S/ CHARLES F. EICK

6                                         HON. CHARLES F. EICK
                                          United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

6556864.1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ **[date]** in the case of *Tajah Enge v. TransUnion Rental Screening Solutions, Inc.*, *Civil Action No. 2:23-cv-04439-MCS-E.*  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

16

6556864.1